# Smith *v.* Eyre, Appellant.

*Evidence—Declarations and admissions by attorney at law.*

In an action by an attorney at law to recover a fee, a statement made by the attorney representing the plaintiff, in the absence of his client, to the effect that the plaintiff did not claim the fee, is inadmissible in evidence.

In such an action there was evidence that the plaintiff represented the life-tenant in litigation with remainder-men ; that a compromise was reached by which the life-tenant was to convey all her interest to the remainder-men in consideration of their paying to her eleven thousand dollars and to her attorney, the plaintiff, one thousand dollars. The whole sum of twelve thousand dollars was paid to the life-tenant, who refused to pay plaintiff, alleging that she had not employed him, and denying the settlement as testified to by him. *Held,* that the case was for the jury.

Argued March 22, 1894. Appeal, No. 227, Jan T., 1894, by defendant, Mary Y. Eyre, from judgment of C. P. No. 1, Phila. Co., March T., 1890, No. 78, on verdict for plaintiff, A. Lewis Smith. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Assumpsit for money had and received.

At the trial it appeared that plaintiff, a member of the bar, represented defendant in litigation which she had with the remainder-men in an estate of which defendant was life-tenant. There was evidence that when the case was before an auditor a compromise was reached, by which the life-tenant was to convey all of her interest in the estate to the remainder-men in consideration of their paying to her $11,000 and to her attorney, the plaintiff, $1,000. A deed was subsequently made to the remainder-men in which the consideration was mentioned as $12,000. Defendant received the whole sum of $12,000, but refused to pay plaintiff, alleging that she had not employed him, and that the settlement had not been made on the terms stated by him.

When Anna Heller, a witness for defendant, was on the stand, she was asked: " Q. If you were present on any occasion, state when and where it was that you heard Mr. Smith, or his counsel, or both of them, make any declaration of this kind— that he did not claim from Miss Eyre this money, but that he

claimed it from the remainder-men people? Give the circumstances? A. At one of the meetings before the auditor, Mr. Smithers, the question was asked Mr. Wilkinson, by Mr. Gendell. Q. Was Mr. Smith there? A. He was not." Objected to. Objection sustained. Exception. [1]

Defendant's points were as follows:

" 1. To entitle the plaintiff to recover in this case, he must establish a privity of contract between himself and the defendant. If the plaintiff fails in this, the verdict of the jury must be for the defendant. *Answer:* As I have said to you, if a man goes and does a piece of work for another man, without authority, and then sues you, you are not obliged to pay that. You say, there is no contract between us; why do you ask me to pay it? That is not applicable to a case where you yourself know that a person has engaged your services, and is appearing before you and signing affidavits of defence and all the other papers necessary to carry on this lawsuit; then you can't say you did not engage the lawyer." [2]

" 2. The contract of June 19, 1884, being silent as to any undertaking or contract on the part of defendant to pay any money to the plaintiff, the plaintiff cannot now reform said contract by incorporating therein an agreement to bind the defendant, otherwise than said contract stipulates, and under the terms of said contract the plaintiff is not entitled to recover. *Answer:* As I have said in regard to that, there is no doubt the contract was that these remainder people were to pay $12,000. Nobody disputes that; but they were to pay $11,000 to this lady, according to Mr. Taxis's statement, and $1,000 to Mr. Smith. It is not put down in the contract any more than what the remainder-men should pay. They were to pay $12,000. The only question is, who the money ought to go to." [3]

" 3. If the jury find from the evidence that there was an agreement on the part of the remainder people to pay the plaintiff for services rendered, as alleged in his statement of claim, that fact rebuts any contract, express or implied, on the part of the defendant to be responsible to the plaintiff, and the verdict of the jury should be for the defendant. *Answer:* All that has been explained by the testimony, that this $12,000 included the amount that they were to receive for that." [4]

" 4. An auditor having been appointed by a competent court

to distribute the fund realized by a sheriff's sale of the real estate in which the defendant had a life estate, and said auditor having awarded to the defendant a certain fund which she received under said award, he is not entitled to recover in this action, and the verdict of the jury should be for the defendant. *Answer:* That point I have already answered." [5]

5. Request for binding instruction.   Refused. [6]

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were (1) ruling; (2–6) instructions; quoting them.

*Charles Davis, H. G. Hartranft* with him, for appellant, cited: Coxe v. Nicholls, 2 Yeates, 546; Dick v. Cooper, 24 Pa. 217; Woodwell v. Brown, 44 Pa. 121; R. R. & Coal Co. v. Decker, 82 Pa. 119; Sydney School Furniture Co. v. Warsaw School Dist., 122 Pa. 494; Book v. New Castle Wire Nail Co., 151 Pa. 499; Shafer v. Senseman, 125 Pa. 310; Baer's Ap., 127 Pa. 370; Noble v. Cope's Adm'rs., 50 Pa. 17; Devlin v. Com., 101 Pa. 273; Otterson v. Middletown, 103 Pa. 78.

*A. J. Wilkinson* and *J. Howard Gendell* for appellee, not heard, cited: Greenleaf on Evidence, §§ 117, 186.

PER CURIAM, April 9, 1894:

It appears that after protracted litigation between the defendant in this case, as tenant for life of certain real estate, and the owners thereof in remainder, a compromise was effected whereby the former received twelve thousand dollars, which, as plaintiff alleged, included one thousand dollars agreed upon as compensation for his services as her attorney in said litigation.   Defendant not only refused to pay plaintiff said sum which he alleged she had received to his use as aforesaid, but she denied that he had been her attorney in said litigation and compromise thereof.   Hence this suit to recover said one thousand dollars and interest.   The burden was, of course, on plaintiff to prove the allegations on which his claim is grounded, and testimony was accordingly introduced for that purpose, and thus questions of fact were presented and properly submitted to the jury.   Their verdict for plaintiff necessarily im-

plies a finding of said facts in his favor.    So far, therefore, as the controlling facts are concerned, they have been definitely settled by the verdict; and, unless there is some error in the ruling or instructions of the learned trial judge complained of, the judgment entered on the verdict should not be disturbed.

There is no error in the ruling complained of in the first specification.    For obvious reasons the objection to the question propounded to the witness Anna Heller was rightly sustained. The witness herself stated that plaintiff was not present when the declaration, referred to in the question propounded, was made.

We also think there is no error in either of the learned judge's answers to points recited in the second, third, fourth and fifth specifications; nor in his refusal to direct a verdict for defendant as requested in her fifth point, recited in the last specification.    Neither of the questions thus presented requires elaboration.    It would serve no useful purpose.    The case appears to have been carefully and ably tried; and we find nothing in the record of which defendant has any just reason to complain.

Judgment affirmed.